IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROLLO, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2914 |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Christopher and Patricia Ellen Rollo, have sued JPMorgan Chase Bank, N.A. (JPMC) over its attempts to collect payments on their home mortgage. The plaintiffs allege that JPMC and its predecessor, Chase Home Finance (CHF), have failed to honor a settlement agreement between CHF and the plaintiffs. In their complaint, they assert claims under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692–1692p; the Texas Debt Collection Act (TDCA), TEX. FIN. CODE § 392; and for unreasonable collection efforts, breach of contract, negligent misrepresentation, and invasion of privacy by intrusion upon seclusion. JPMC has moved to dismiss the plaintiffs' FDCPA claims on the basis that JPMC and CHF are not "debt collectors" under the FDCPA.

Based on the amended complaint, the motions and responses, the parties' submissions, and the applicable law, JPMC's second amended motion to dismiss the plaintiffs' FDCPA claims is granted, (Docket Entry No. 19). JPMC's amend motion to dismiss, (Docket Entry No. 13), is moot. The reasons are explained below.

**I.     Background**

On March 22, 2003, the plaintiffs took out a mortgage secured by a Note and a Deed of Trust. The mortgage lender was Long Beach Mortgage Company. Soon after, Long Beach transferred the servicing rights to the loan to Washington Mutual. The plaintiffs defaulted on their mortgage payments and, on September 3, 2004, filed for Chapter 13 bankruptcy. While their bankruptcy case was pending, the Note was conveyed to Chase Home Finance. Christopher Rollo filed an adversary proceeding against Washington Mutual and Chase. *Christopher Rollo v. Washington Mutual Bank, F.A.*, 08-03293 (Bankr. S.D. Tex 2008). On June 25, 2009, the parties agreed to a settlement under which the interest rate for the Note was reduced to a fixed 7 percent rate, the principal balance was reduced to $79,735.70, and the Note's escrow requirement was waived. The plaintiffs were discharged from bankruptcy on November 3, 2009. The plaintiffs state that they have timely made all of their payments under the Note as modified by the settlement agreement.

The plaintiffs allege, however, that in June, July, and October 2010, after the parties entered into the settlement agreement, at least four different "Chase" representatives contacted the plaintiffs seeking payment under the unmodified terms of the Note and alleging the plaintiffs were in default. On October 31 and November 15, 2010, two Chase representatives came to the plaintiffs' home and told them that their loan modification under the settlement agreement was "incomplete and ineffective." (Docket Entry No. 17, ¶ 31). On February 21, 2011, "Chase Home Finance, LLC" sent the plaintiffs a letter stating that their interest rate would rise from 6.5 to 10.55 percent. On March 7, 2011, CHF sent the plaintiffs another letter stating that they had defaulted on their mortgage and accelerating the loan. The letter sought to collect past-due payments of $9,429.90 and assessed $175.06 in late fees and other charges. (*Id.*, Ex. B). On March 9, CHF sent the plaintiffs another

notice of default and acceleration. The March 9 letter stated that the plaintiffs owed $8,241.16. (*Id.*, Ex. C). On at least two occasions, CHF or JPMC representatives visited the plaintiffs' home and asked them to execute new loan-modification documents. Those representatives further stated that neither CHF nor JPMC had a record of any payments since the discharge in bankruptcy. JPMC has also sent individuals to conduct inspections on the plaintiffs' property in anticipation of foreclosure.

On September 28, 2012, the plaintiffs filed this suit in Texas state court. JPMC timely removed. (Docket Entry No. 1). The plaintiffs' second amended complaint asserts claims under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692–1692p; and the Texas Debt Collection Act (TDCA), TEX. FIN. CODE § 392; and for unreasonable collection efforts, breach of contract, negligent misrepresentation, and invasion of privacy by intrusion upon seclusion. JPMC moved to dismiss the plaintiffs' FDCPA claims on the basis that it is not a "debt collector" but rather a "creditor" not subject to the FDCPA. JPMC has attached to its dismissal motion public records showing that Chase Home Finance merged into JPMC on May 1, 2011. (Docket Entry No. 19, Ex. A).[1] JPMC's motion to dismiss does not address the plaintiffs' non-FDCPA claims.

## II.     The Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

---

[1] *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n. 14 (5th Cir. 1997) (stating that courts may take judicial notice of the contents of public records when considering a motion to dismiss under Rule12(b)(6)).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id*. (quotation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (citation omitted)). A plaintiff should, however, be denied leave to amend a complaint if the court determines that the "proposed amendment . . . clearly is frivolous" or "advanc[es] a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

In deciding a motion to dismiss under Rule 12(b)(6), the court generally may not look beyond the pleadings. It may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v.*

4

*Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("[T]he court may consider . . . matters of which judicial notice may be taken."). Documents a plaintiff attaches in a response to a motion to dismiss are also properly considered if referenced in the complaint and if their authenticity is undisputed. *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293–94 (5th Cir. 2008). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Taking judicial notice of public records directly relevant to the disputed issue is proper and does not transform the Rule 12(b)(6) motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Apart from these categories of documents, if the court considers matters outside the pleadings, the court must convert the Rule 12(b)(6) motion to one for summary judgment. *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973).

**III.    Analysis**

In their second amended complaint, the plaintiffs allege that "Chase" is a "debt collector" under the FDCPA and that it violated several of the Act's provisions. JPMC has moved to dismiss on the basis that it and its predecessor CHF were creditors under the FDCPA in collecting the plaintiffs' mortgage loan. The FDCPA generally applies only to "debt collectors" and not to "creditors." 15 U.S.C. §§ 1692c-1692f; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, — U.S. —, 130 S. Ct. 1605, 1608 (2010). A "creditor" means "any person . . . to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

15 U.S.C. § 1692a(4).; *see also Brown v. Morris*, 243 F. App'x 31, 34–35 (5th Cir. 2007) (holding that a debt acquired through merger is not an acquisition by "transfer or assignment" under § 1692a(4) or "obtained" in default under § 1692a(6)(F)(iii)). A "debt collector" is defined in relevant part as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. § 1692a(6).

A creditor is ordinarily not a debt collector under the Act. The FDCPA provides that a debt collector may include "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* The FDCPA also makes it illegal "to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a). But the plaintiffs have failed to plead any facts suggesting that JPMC was a "debt collector" or "creditor" liable under the FDCPA. The parties do not dispute that CHF owned the plaintiffs' mortgage when they entered into the June 25, 2009 settlement[2] or that, on May 1,

---

[2] In their response to JPMC's motion to dismiss, the plaintiffs state: "Plaintiffs deny sentence number three of paragraph number 10 citing that paragraph number 19 of the Amended Complaint states that CHF owned the debt. Plaintiffs have insufficient information to admit or deny the allegations contained in sentence number four of paragraph number 10 . . . ." (Docket Entry No. 22, ¶ 10). The plaintiffs' second amended complaint alleges, however, that: "[u]pon information and belief, at some point during Plaintiffs' bankruptcy case the Note was transferred, sold, or conveyed to Chase." (Docket Entry No. 17, ¶ 19). In deciding JPMC's Rule 12(b)(6) motion, this court cannot consider the plaintiffs' denial in its opposition brief of the allegations they made in their own complaint. *See Egilman v. Keller & Heckman, LLP.*, 401 F. Supp. 2d 105, 110 (D.D.C. 2005) ("Factual allegations in briefs or memoranda of law may likewise not be considered, particularly when the facts they contain contradict those alleged in the complaint." (citing *Henthorn v. Dep't of*

2011, CHF merged into JPMC. The second amended complaint alleges that several mortgage representatives who contacted the plaintiffs between the date of the settlement agreement and the date of the merger stated that they worked for "Chase" but did not specify which Chase entity. These allegations are not sufficient to show liability under the FDCPA. Courts interpreting the FDCPA's "false name exception" have held that a creditor is not required to use its exact, legal name. *See Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2d Cir. 1998); *Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122 (S.D. W.Va. 1990). A creditor may use "the name under which it usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Maguire*, 147 F.3d at 235. The plaintiffs do not allege that "Chase" is not a name under which CHF transacts business or that CHF did not refer to itself as "Chase" at the beginning of CHF's relationship with the plaintiffs.

In response to the motion to dismiss, the plaintiffs also state that JPMC "has not provided any documents proving CHF was not a 'debt collector' when CHF acquired the loan," (Docket Entry No. 22, ¶ 9), and that "Plaintiffs have no information as to whether the persons contacting the Plaintiffs for collection were employees of CHF and later JPMC, or another entity," (*Id.*, ¶ 9 n. 1). As this court noted above, to survive a Rule 12(b)(6) motion, the plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual pleadings are not required, the plaintiffs have not alleged or identified any facts from which a reasonable fact finder could infer that CHF or JPMC collected the plaintiffs' debt when it was due to another entity or gave a false

---

*Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994)).

name in collecting their own debts.  As a result, their FDCPA claims must be dismissed.[3]

**IV.    Conclusion**

For the reasons stated above, JPMC's second amended motion to dismiss the plaintiffs' FDCPA claims is granted, (Docket Entry No. 19).  JPMC's amend motion to dismiss, (Docket Entry No. 13), is moot.

SIGNED on April 4, 2013, at Houston, Texas.

> Lee H. Rosenthal
> United States District Judge

---

[3] In response to JPMC's motion to dismiss, the Rollos' also state that neither JPMC, nor CHF "filed a notice in the bankruptcy court transferring the interest from Washington Mutual to CHF or JPMC." (Docket Entry No. 22, ¶ 9).  It is not clear what relevance filing a notice of ownership in the bankruptcy case has to the plaintiffs' FDCPA claims.  The plaintiffs concede in their complaint that CHF became the owner of their mortgage while their bankruptcy case was pending.